IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:07-CR-59-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BENJAMIN JESTEEN JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for reduction of sentence pursuant to the First Step Act of 2018, (DE 52). The motion was fully briefed and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On December 14, 2007, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846. The court held defendant's sentencing hearing on August 12, 2008. Under the Guidelines' relevant conduct rules, the court found defendant was responsible for distributing 5,675 grams of cocaine, 23,315 grams of cocaine base, and 907 grams of marijuana. The court also found defendant used a dangerous weapon during the commission of the offense, was a manager or supervisor within the drug conspiracy, and used or attempted to use a minor in the commission of a crime. Defendant's advisory Guidelines range, after all enhancements and reductions, was 360 months to life imprisonment. The court sentenced defendant to 273 months' imprisonment and five years' supervised release. On November 9, 2009, the court reduced the sentence to 182 months' imprisonment.

Defendant filed the instant motion to reduce sentence pursuant to the First Step Act on August 7, 2019. The government opposes defendant's motion.

## COURT'S DISCUSSION

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372). The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3, 2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants sentenced before August 3, 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020). Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits. Id.

Here, defendant is eligible for relief where the statutory penalties for conspiracy to distribute more than 50 grams of cocaine base were modified by section 2 of the Fair Sentencing Act, and he is not otherwise excluded from seeking relief under the Act.[1] Applying the Fair Sentencing Act's statutory penalties, defendant's revised advisory Guidelines range is 360 to 480 months' imprisonment. (DE 55). Thus, the bottom of the revised Guidelines range, from which the court departed downwardly, is unchanged under the Fair Sentencing Act.

The court discerns no basis for granting a further sentence reduction. As reflected in the initial presentence report, defendant has a lengthy criminal history consisting of numerous state felony convictions. As to the instant offense, defendant had a managerial role in the drug conspiracy, possessed a firearm, and used or attempted to use a minor to commit the offense. Defendant's post-sentencing conduct in custody also includes five disciplinary infractions, and there is no evidence in the record demonstrating defendant has engaged in significant rehabilitative efforts. Even if such evidence were present, however, the court finds a sentence of 182 months'

---

[1] The government argues defendant is ineligible for relief because the amount of cocaine base attributed to defendant at sentencing exceeds the 280-gram threshold necessary to trigger the 10-year mandatory minimum sentence under the Fair Sentencing Act. This argument is foreclosed by binding precedent from the United States Court of Appeals for the Fourth Circuit. Defendant is eligible for a sentence reduction because the statutory penalties for his offense of conviction were modified by the Fair Sentencing Act. See United States v. Wirsing, 943 F.3d 175, 185-86 (4th Cir. 2019). The offense conduct, including the amount of cocaine base attributed to defendant at sentencing, is irrelevant at the eligibility stage of the analysis. See id.

3

imprisonment remains necessary to promote respect for the law, deter defendant from future criminal conduct, and to protect the public.

Defendant is eligible for a reduced term of supervised release. The court will reduce the term of supervised release in accordance with the revised advisory Guidelines range.

## CONCLUSION

Based on the foregoing, the court GRANTS IN PART and DENIES IN PART defendant's motion to reduce sentence, (DE 52). The court denies the motion to the extent defendant requests reduction of his custodial sentence. The motion is granted to the extent defendant requests reduction in his term of supervised release. Defendant's previously imposed sentence of five years' supervised release is reduced to four years. Except as expressly modified herein and by the court's November 9, 2009, order, all provisions of the judgment of conviction dated August 12, 2008, remain in effect.

SO ORDERED, this the 21st day of May, 2020.

LOUISE W. FLANAGAN
United States District Judge